IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JEFFERY DEE TAYLOR, #1488457,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:11-CV-3096-M-BK |
| § | | |
| **RICK THALER, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Div.,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state inmate, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the habeas petition be denied.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Petitioner was convicted of aggravated sexual assault of a child and sentenced to 50 years' imprisonment and a $10,000 fine. *State v. Taylor*, No. 23,271 (354th Dist. Ct., Hunt County Jan. 14, 2008), *aff'd*, No. 08-08-00134-CR, 2010 WL 819072 (Tex. App.–El Paso, Mar. 10, 2010, no pet.) (unpublished). The Texas Court of Criminal Appeals (CCA) denied his subsequently-filed state habeas application. *See Ex parte Taylor*, No. WR-75,821-01, SHCR at 3 and SHCR Supp. Rec'd at Action Taken Sheet (Tex. Crim. App. Oct. 12, 2011) (denying state habeas petition without written order on the findings of the trial court without a hearing).[1]

Thereafter, Petitioner filed this timely federal habeas petition, along with a memorandum in support. (Doc. 3, 4). In two grounds, he alleges trial counsel rendered ineffective assistance in

---

[1] "SHCR" refers to the State Habeas Clerk's Record of Petitioner's state application in case number WR-75,821-01, Event ID 2444699. "SHCR Supp. Rec'd" refers to the supplement record in case number WR-75,821-01, Event ID 2458788. In addition, "RR" refers to the reporter's record at trial, and "CR" refers to the Clerk's Record.

failing to (1) preserve his right of confrontation, and (2) limit, exclude, or properly object to the admission of evidence of extraneous offenses during the guilt/innocence portion of trial. (Doc. 3 at 6). Nine months later, after the expiration of the one-year limitations period, Petitioner sought leave to amend to add new claims. (Doc. 21). Respondent argues that both the habeas petition and the motion to amend lack merit. (Doc. 15, 25).

## II. ANALYSIS

A.  **Petition Lacks Merit**

Habeas corpus relief is precluded unless the state court's adjudication on the merits

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). His burden is "difficult to meet," however, as the decisions of the state court are reviewed under a "highly deferential standard" and afforded "the benefit of the doubt." *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 786, 788 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted).

Petitioner raises two grounds of ineffective assistance of counsel. Under the AEDPA, the Court reviews his claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*,—— U.S. ——, 131 S. Ct. 1388, 1403 (2011) (quoted cases omitted). In light of the deference accorded by section

2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 131 S. Ct. at 785.

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his counsel's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

**Counsel's Alleged Failures in
Connection with Confrontation Clause (Claim 1)**

Petitioner asserts defense counsel rendered ineffective assistance when he failed to ensure that Petitioner was not deprived the right to confront the victim who testified (as previously agreed by the parties) from a conference room by closed circuit television (CCTV), while Petitioner and the jury watched from separate rooms. (Doc. 3 at 7; Doc. 21 at 7). Claiming "the CCTV system was inoperable" in his room, Petitioner argues he "never heard nor witnessed the testimony of the alleged victim." (Doc. 3 at 7). During the state habeas proceedings, Russell P. Brooks, defense counsel, submitted an affidavit explaining that he and Petitioner conferred during the victim's testimony. SHCR Supp. Rec'd at 9. While Petitioner initially had difficulty

hearing the testimony, adjustments were made and Petitioner subsequently informed Mr. Brooks that he could hear the proceedings. *Id.* Despite Petitioner's continued access to defense counsel during the victim's testimony, Petitioner did not express any further trouble receiving the transmission of the testimony. *Id.*

The state habeas court rejected the claim finding counsel's performance was not deficient and did not prejudice Petitioner, finding, *inter alia*:

> 2. The child victim testified via closed circuit testimony that had to be restarted but resulted in her full testimony being heard both by the jury and the Defendant.
>
> 3. The child victim in this case testified via closed circuit testimony after agreement by both parties.
>
> 4. During the closed circuit testimony, Mr. Brooks had constant contact with his client via cell phone and was communicating with the Defendant to make sure he could hear the proceedings.
>
> 5. The Defendant was in a separate room on another floor of the courthouse and had video as well as audio access to the child's testimony.
>
> 6. Before closed circuit testimony began, Mr. Brooks checked with his client to make sure he could see and hear the feed.
>
> 7. The Court did restart closed circuit testimony three times. Twice the jury feed was lost and once the Defendant requested that the testimony be repeated.
>
> 8. Each time the Court instructed the State to start the direct examination over. The testimony that was repeated consisted of preliminary questions and were not essential elements of the State's case.
>
> 9. Once Mr. Brooks informed the Court that his client could not hear and after adjusting the audio and video the testimony was repeated.
>
> 10. At one point when the child witness was not speaking loudly enough, the Court did ask her to speak louder so that her testimony could be heard.
>
> 11. After the third restart, there were no further difficulties with the audio/video equipment and no more objections were made.

12. At the conclusion of the State's questioning, Mr. Brooks did question the child victim.

13. Before the Court excused the child witness, Mr. Brooks had an opportunity to discuss any further questions with his client.

14. Once both sides had the opportunity to question the child victim and had no further questions, she was excused from the stand.

15. Neither at the conclusion of the child's testimony, nor at the conclusion of the State's case, did the Defendant raise the issue that he had not heard the closed circuit testimony.

16. The Defendant waited until he was on the stand to tell the jury that he did not hear all of the child witnesses testimony.

17. The child witness was available to testify via closed circuit. She was not called by the defense, nor was she recalled to the stand after her initial testimony.

SHCR Supp. Rec'd at 6-7.

Petitioner has not shown that the state court's decision rejecting his claim of ineffective assistance of counsel was an unreasonable application of clearly established federal law. His assertions that he could not see or hear the victim's testimony are unsupported and conclusory. (Doc. 3 at 7). The same applies to the averments made for the first time in his Reply "that every time the elevator in the building moved up and down, the CCTV would cut off," and while he "tr[ied] to inform counsel about the problem . . ., the cellular phone was also cutting off when the elevator would move up and down." (Doc. 20 at 2).[2] Moreover, contrary to Petitioner's self-serving trial testimony during cross-examination that he had not actually heard the victim's testimony (7 RR 99-100, 103), the record clearly reflects that, despite initial technical issues and an admonishment to the victim that she speak more loudly, the CCTV system adequately

---

[2] Petitioner also raises this same claim in his proposed amended habeas petition. (Doc. 21 at 7, 14).

transmitted the victim's testimony, and that Petitioner failed to inform counsel of any additional problems. Finally, the state habeas court's implicit acceptance of trial counsel's version of the relevant events over that of Petitioner is entitled to deference here. Petitioner's first claim fails.

### Counsel's Alleged Failure to Prevent Admission of Extraneous Offense Evidence (Claim 2)

Next, Petitioner alleges counsel was ineffective in failing "to limit, exclude, or raise adequate objection to" the admission of extraneous offense evidence at trial, namely Petitioner's "cross-dressing" and his violation of a protective order. (Doc. 3 at 9-10; Doc. 21 at 8, 17-18). The state habeas court rejected this claim, finding, *inter alia*, that Petitioner "volunteered that he wore his wife's clothing . . . [and] violat[ed] a protective order" in response to questions that did not seek information about either issue. SHCR Suppl. Rec. at 9-11 (findings 19 and 24).

Petitioner argues that his counsel was responsible for "open[ing] the door for the prosecutors to capitalize on th[e] extraneous [offense] evidence." (Doc. 20 at 6). However, the record supports the conclusion of the state habeas court that it was Petitioner's non-responsive testimony, not defense counsel's conduct, that "opened the door" regarding the cross-dressing and the protective-order violation. (7 RR 82-83, 106).

Before trial, defense counsel filed a motion in limine to restrict reference to prior convictions and extraneous offense evidence. CR at 52. While it appears defense counsel did not object to the admission of the files of Ginger Brooks, the victim's counselor, which contained a statement of the victim that Petitioner previously dressed in women's clothing, no direct testimony regarding that fact was presented at trial by the prosecution. (5 RR 152, 167; Doc. 20 at 6). Moreover, when the prosecutor revisited the subject upon cross-examination of Petitioner, it was clearly in the context of rebutting the defenses theory and Defendant's direct testimony

that the victim was either confused or fabricating the details of the sexual assault, as well as corroborating the outcries of victim who, in addition to the sexual assaults, also reported to her counselor that she witnessed Petitioner cross dressing. (7 RR 98, 107-108).

Likewise, Petitioner volunteered during cross examination that he was under a restraining order not to have contact with the victim. (7 RR 82-83, 106). And it was when asked whether he had agreed to the restraining order that Petitioner also volunteered that he had been arrested for violating it. *Id.* Defense counsel's decision not to object to his own client's testimony about cross dressing and violating the protective order, perhaps in an attempt not to draw further attention to it, is entitled to deference as reasonable trial strategy. *Strickland*, 466 U.S. at 689 (citation omitted).[3]

Petitioner has failed to carry his burden of demonstrating that the state court's decision rejecting his second claim of ineffective assistance of counsel was contrary to or an unreasonable application of clearly established federal law. Therefore, this claim fails.

**B.    Evidentiary Hearing Not Required**

Petitioner requests an evidentiary hearing. (Doc. 20 at 1, 11-12). However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011); *see also*

---

[3] In his reply, Petitioner argues "defense counsel put [Petitioner] on the stand without preparing [him] to respond to direct-examination and cross-examination in such a way as to avoid opening the door to admission of otherwise inadmissible evidence" (Doc. 20 at 6; 13-14). Because Petitioner seeks leave to amend to raise this claim as a stand-alone ground of ineffective assistance of counsel, the Court need not address it. Moreover, as set out below, the claim is unexhausted and procedurally barred. (Doc. 21 at 19-20, ground 5).

*Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court. As discussed above, Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Therefore, Petitioner is not entitled to an evidentiary hearing.

**C.     Motion to Amend Lacks Merit**

Although the original federal petition was timely, Petitioner's new claims of ineffective assistance of counsel (amended grounds 3 and 6), are clearly outside the one-year limitations period and do not relate back to the filing date of his original petition.[4] *See* FED. R. CIV. P. 15(c)(1)(B) (an amendment relates back to the date of the original pleading when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading.").

Petitioner's new claims (that counsel failed to investigate, subpoena additional witnesses, and challenge a venireman for cause) differ from the original ineffective assistance claims asserted in his federal petition (that counsel failed to preserve his confrontation rights and object to the admission of extraneous offense evidence). *See Mayle v. Felix*, 545 U.S. 644, 664 (2005) (only amended claims that are tied to a common core of operative facts, as the claims in the original petition, will relate back and will be considered timely filed). Moreover, there is no mention in the original petition of the facts that form the basis for the new claims of ineffective

---

[4] The third claim is also unexhausted and procedurally barred as set out below.

assistance of counsel.  *See United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) ("[n]ew claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they rest on the same constitutional violation.").  Therefore, leave to amend should be denied as to grounds 3 and 6.

     Petitioner concedes amended grounds one, three, and five (denial of confrontation right and failure to investigate and prepare him for trial testimony) are unexhausted and procedurally barred.  (Doc. 21 at 9, 23).  His attempt to show cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claims, fails. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Petitioner had the opportunity to raise all claims he presents here in his state writ, and simply failed to do so.  Contrary to his allegations, *Martinez v. Ryan*, is not applicable because "Texas procedures do not mandate that ineffective assistance claims be heard in the first instance in habeas proceedings."  *Ibarra v. Thaler*, 687 F.3d. 222, 227 (5th Cir. 2012).  Therefore, leave to amend to raise new grounds 1, 3, and 5 should be denied.

     The proposed amended petition restates Petitioner's original grounds (grounds 2 and 4 in the amended petition).  Since the Court has considered and rejected all arguments related to those grounds, leave to amend would be futile.

### III. RECOMMENDATION

It is recommended that the petition for writ of habeas corpus and Petitioner's motion to amend (Doc. 21) be **DENIED**.

SIGNED October 4, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE