IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEFFERY DEE TAYLOR, # 1488457,    § | |
| Petitioner,    § | |
| § | |
| v.    § | CIVIL CASE NO. 3:11-CV-3096-M-BK |
| § | |
| LORIE DAVIS, Director    § | |
| Texas Department of Criminal Justice,    § | |
| Correctional Institutions Div.,[1]    § | |
| Respondent.    § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the May 23, 2016 *Order of Referral*, Doc. 49, Petitioner's *Motion for Relief from Judgment* filed May 12, 2016, Doc. 48, was referred to the United States magistrate judge for a recommendation or determination. For the reasons that follow, it is recommended that the motion be denied.

### I. BACKGROUND

In 2008, Petitioner was convicted of aggravated sexual assault of a child and sentenced to 50 years' imprisonment and a $10,000 fine. *State v. Taylor*, No. 23,271 (354th Dist. Ct., Hunt County Jan. 14, 2008), *aff'd*, No. 08–08–00134–CR, 2010 WL 819072 (Tex. App.–El Paso, Mar. 10, 2010, no pet.). After exhausting his state court remedies, Petitioner filed a federal habeas petition asserting ineffective assistance of counsel. Nine months later, after the one-year limitations period had expired, he sought leave to amend the petition to raise new, unexhausted

---

[1] On May 4, 2016, Lorie Davis succeeded William Stephens as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, Davis "is automatically substituted as a party."

ineffective assistance of counsel claims. Accepting the undersigned's recommendation, the Court denied the federal petition on the merits and the leave to amend as futile, because amended ground five (the sole ground at issue in the present motion) was procedurally barred. Doc. 31 at 1-2. In support of the latter, the Court relied on then-controlling Fifth Circuit precedent holding that *Martinez v. Ryan*, --- U.S. ---, 132 S. Ct. 1309 (2012), did not apply to federal habeas cases arising from Texas convictions. *Id.* However, while the case was pending on appeal, the United States Supreme Court decided *Trevino v. Thaler,* --- U.S. ---, 133 S. Ct. 1911 (2013), which held that *Martinez* does apply to Texas convictions. Notwithstanding the Supreme Court's holding in *Trevino*, the United States Court of Appeals for the Fifth Circuit subsequently denied a certificate of appealability (COA). Doc. 45.

  As to amended ground five, the Court stated:

> In light of *Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013), it is debatable whether the district court erred in holding that Taylor's lack of counsel in his state habeas proceedings could not establish cause for his failure to raise in those proceedings his claim that trial counsel was ineffective for failing to prepare him for questioning (amended ground# 5) and abused its discretion in denying leave to amend to add this claim. However, Taylor has failed to make a substantial showing of the denial of a constitutional right with regard to this proposed claim. Accordingly, a COA is denied. *See Houser v. Dretke*, 395 F.3d 560, 561-62 (5th Cir. 2004).

Doc. 45 at 2.

  By the motion *sub judice*, Petitioner now seeks relief from the judgment denying his motion to add amended ground five. Doc. 48 at 2. In support, he relies on FED. R. CIV. P. 60(b)(5) and (6) and the holding in *Trevino*. Doc. 48 at 2-3.

## II. ANALYSIS

  Because Petitioner challenges this Court's determination that amended ground five was procedurally barred, his motion is not the equivalent of a successive application, and is, thus,

reviewable under FED. R. CIV. P. 60(b).  *See Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 n. 4 (2005)) (Rule 60(b) motion directed to a procedural ruling that bars consideration of the merits, such as a exhaustion, procedural default, or statute of limitations, is not considered a "successive" petition and is properly considered by the district court)).

That notwithstanding, Petitioner cannot move for relief from judgment under both Rule 60(b)(5) and (b)(6) -- the latter being a "catch-all clause." *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002).  It is well established that "the catch-all clause of Rule 60(b)(6) cannot be invoked when relief is sought under one of the other grounds enumerated in Rule 60." *Id.*; *see also Hesling v. CSX Transportation, Inc.*, 396 F.3d 632, 643 (5th Cir. 2005) ("relief under 60(b)(6) is mutually exclusive from relief under sections (1)-(5)."  Here, Petitioner has not alleged any fact that would invoke the provisions of subdivision (5).[2]  Thus, the Court considers the *Motion for Relief from Judgment* as only seeking relief under Rule 60(b)(6).  *See Hess*, 281 F.3d at 215 (not an abuse of discretion to construe Rule 60(b)(5) request under Rule 60(b)(6)).

*Petitioner's Rule 60(b)(6) motion is untimely.*

A motion under Rule 60(b)(6) must be made within a reasonable time after the entry of judgment.  *Gonzalez v. Crosby*, 545 U.S. 524, 528 n. 2 (2005); FED. R. CIV. P. 60(c)(1).  Here, the Court denied Petitioner's federal habeas petition on November 26, 2012, and the Court of Appeals for the Fifth Circuit denied a COA on October 22, 2013, citing to the Supreme Court's

---

[2] Rule 60(b)(5) provides for relief from judgment when "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."  Neither of the enumerated requisites exists in this case.

3

decision in *Trevino v. Thaler*.  Doc. 31; Doc. 45.  Yet Petitioner waited for two and one-half years before filing the instant motion.  Doc. 48.  He proffers no facts that would explain his delay of more than two years in filing a Rule 60(b) motion premised upon the Supreme Court's holding in *Trevino*.  Doc. 48 at 2-3.  Indeed Petitioner was aware at least as early as October 2013, when the Court of Appeals for the Fifth Circuit denied a COA, of the potential impact of the *Trevino* decision on his amended ground five.

Decisions of the Court of Appeals for the Fifth Circuit make clear that a delay of over two years, such as that found here, renders a Rule 60(b) motion untimely.  *See, e.g., Tamayo v. Stephens*, 740 F.3d 986, 991 (5th Cir. 2014) (*per curiam*) (holding that a 60(b) motion filed eight months after relevant change in law was not "made within a reasonable time," as prescribed by Rule 60(c)(1)); *Pruett v. Stephens*, 608 F. App'x 182, 186 (5th Cir. 2015) (*per curiam*) (same holding as to Rule 60(b)(6) motion filed 19 months after *Trevino*).  Additionally, in the instant case, there are no factual allegations of newly discovered evidence or an intervening change in the law.  *See Trottie v. Stephens,* 581 F. App'x 436, 438 (5th Cir. 2014) (*per curiam*) (finding failure to show good cause for delay in filing Rule 60(b) motion based on *Trevino* because petitioner did not cite any newly discovered evidence or intervening change in law).  Indeed, Petitioner simply reasserts the ineffective assistance of counsel claim previously alleged in his proposed amended ground five.  Doc. 48 at 5-6.  Based on the foregoing, the Court finds that Petitioner's Rule 60(b) motion was not brought within a reasonable time and that he has not shown good cause for the delay.  Therefore, his Rule 60(b) motion should be denied as untimely.

*Petitioner's Rule 60(b) motion nevertheless fails on the merits.*

Even if deemed timely, however, Petitioner's Rule 60(b) motion fails on the merits. Under Rule 60(b)(6), a final judgment can be set aside for "any other reason that justifies relief." However, to obtain relief, a petitioner must show "extraordinary circumstances," which the Supreme Court has held "will rarely occur in the habeas context." *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005). Moreover, "the decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court . . . ." *Tamayo*, 740 F.3d 986, 990. Petitioner has failed to show the existence of extraordinary circumstances in this case.

Petitioner claims that *Trevino* excuses his procedural default as to amended ground five (a claim of ineffective assistance of trial counsel), and that "at least one court should give the claim adequate and full consideration." Doc. 48 at 6. However, as he acknowledges, "a change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment under Rule 60(b)(6)." *Diaz v. Stephens*, 731 F.3d 370, 375 (5th Cir. 2013) (quotations and quoted cases omitted). Moreover, as the Court of Appeals for the Fifth Circuit has repeatedly held, "*Trevino's* . . . application of *Martinez* to Texas does not change that conclusion." *Buck v. Stephens*, 623 Fed. Appx. 668, 674 (5th Cir. 2015) (quoting *Diaz,* 731 F.3d at 376-377). Petitioner nevertheless argues "[t]he rule that prohibits Rule 60(b)(6) relief based on a change in decisional law should not apply" in this case. Doc. 48 at 3.

First, Petitioner states that because the Supreme Court decided *Trevino* while his case was on appeal from this Court's denials of his habeas application and motion for leave to amend his petition, the Court should apply *Trevino* to his amended ground five. Doc. 48 at 3. That

5

argument fails because the Court, while noting that certiorari had been granted in *Trevino*, was nevertheless bound by precedent that existed at the time of the Court's ruling. That precedent being contrary to the Supreme Court's subsequent holding in *Trevino*, it is indisputable *Trevino* brought about a change in decisional law with respect to this Court's judgment denying leave to raise amended ground 5. And again, despite Petitioner's entreaties to ignore precedential decisions, the Court of Appeals for the Fifth Circuit has concluded that a change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone a ground for relief from a final judgment under Rule 60(b)(6). *Diaz*, 731 F.3d at 375.

Second, Petitioner asserts that "Trevino established a new 'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding," and that this new rule applies to him. Doc. 48 at 3. His argument is baseless. *Martinez*, on which *Trevino* is based, is an equitable rule prescribing and expanding the opportunity for review of Sixth Amendment claims. *See Martinez v. Ryan*, --- U.S. ---, 132 S. Ct. 1309, 1319-1320 (2012); *Adams v. Thaler*, 679 F.3d 312, 316 (5th Cir. 2012) (*Martinez* is "an 'equitable ruling,' and not a constitutional ruling.").

Finally, Petitioner argues that "the judgment [denying his amendment] was a default or dismissal in which there was no consideration of the merits." Doc. 48 at 4. However, the mere fact that an ineffective assistance of counsel "claim was procedurally defaulted and did not get a merits determination . . . is not an extraordinary circumstance in the habeas context." *Buck*, 623 F. App'x at 673. Indeed, "it is the nature of procedural defaults that many potentially viable claims will never advance to a merits determination." *Id.*

Accordingly, Petitioner has not demonstrated circumstances that are sufficiently extraordinary to warrant relief from final judgment under Rule 60(b)(6).  Thus, his motion also fails on the merits.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the *Motion for Relief of Judgment* under FED. R. CIV. P. 60(b) be **DENIED**.

SIGNED September 13, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE